IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GARRETT BROWN,        )<br>                    Petitioner          )<br>                                              )<br>           v.                                    )<br>                                              )<br>UNITED STATES GOVERNMENT, )<br>                    Respondent.      ) | C.A. No. 06-224 Erie |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I     RECOMMENDATION**

It is respectfully recommended that the instant action be dismissed for Petitioner's failure to prosecute.

**II    REPORT**

On March 28, 2007, the Clerk of Courts received a document entitled "Informal Petition for Independent Sovereignty." [Document # 1]. Upon review of this document, the Court was unable to determine whether Plaintiff intended to file a civil rights action or a habeas corpus petition. In addition, Plaintiff failed to either pay a filing fee or file a motion to proceed *in forma pauperis*. Thus, December 6, 2006, this Court issued an Order requiring Petitioner to re-file the pleading in this case as either a Complaint or a Petition for Writ of Habeas corpus, with appropriate allegations to substantiate the relief requested, and to either pay the appropriate filing fee or file a motion to proceed *in forma pauperis* with an accompanying institutional account statement, before December 26, 2006. [Document # 2]. The Order further stated that Petitioner's failure to comply with the Order before December 26, 2006, would result in dismissal of this case for failure to prosecute.

On December 18, 2006, Petitioner improperly appealed this Court's Order of December 6, 2006, directly to the Third Circuit Court of Appeals. [Document # 3]. Petitioner's appeal was

dismissed on April 13, 2007.  Since such time, Petitioner has taken no action to comply with this Court's Order dated December 6, 2006.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  <u>Id.</u> at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case.  Further, Plaintiff has failed to comply with an order of this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  No extensions of time will be granted. Failure

to timely file objections may constitute a waiver of any appellate rights.

                                                                         S/Susan Paradise Baxter  
                                                                         SUSAN PARADISE BAXTER  
                                                                         Chief U.S. Magistrate Judge

Dated: June 11, 2007

cc:      The Honorable Sean J. McLaughlin  
          United States District Judge